UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DESMOND JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00420-JRS-TAB |
| | ) | |
| BUY RITE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

Defendant Buy Rite moves the Court to strike portions of Plaintiff Desmond Jackson's statement of claims, asserting that Plaintiff attempts to include claims that Plaintiff did not plead in his complaint. [Filing No. 36.] Specifically, Defendant claims that although Plaintiff's complaint raises claims of race discrimination and retaliation in connection with his termination, Plaintiff's statement of claims impermissibly seeks to include claims for not receiving a raise and not being promoted. For the reasons set forth below, the Court denies Defendant's motion to strike.

It is true, as Defendant argues, that a plaintiff cannot use a statement of claims to assert a legal cause of action not pleaded in the complaint. *Thomas v. Shoshone Trucking, LLC*, No. 4:20-cv-00209-TWP-DML, 2021 WL 8825017, at *1 (S.D. Ind. Oct. 6, 2021), *adopted,* 2022 WL 1164487, at *2 (S.D. Ind. Apr. 20, 2022); *Sturm v. City of Indianapolis*, No. 1:14-cv-00848-RLY-MPB, 2016 WL 2894434 at *12 (S.D. Ind. May 18, 2016); *Hankins v. Cox*, No. 1:14-cv-00886-TWP-DML, 2015 WL 1800500 at *2 (S.D. Ind. Apr. 15, 2015). However, Plaintiff's complaint sufficiently pleads allegations of not receiving a raise and not being promoted. Plaintiff's complaint alleges, "In the fall of 2022, Plaintiff asked for a raise and a promotion. Plaintiff did not receive a raise or a promotion." [Filing No. 1, at ¶ 7.] Plaintiff's complaint further alleges he was written up by a manager after stating, "if I was white, I would have a raise and a promotion."

[Filing No, 1 at ¶.] Plaintiff's complaint also alleges, "Coworkers outside the Plaintiff's protected class engaged in the same or similar conduct and were treated more favorably." [Filing No, 1, at ¶ 13.] Finally, Counts I and II of Plaintiff's complaint, alleging retaliation and race discrimination respectively specifically incorporate the prior allegations of Plaintiff's complaint. [Filing No. 1, at ¶ 17, 19.]

Plaintiffs "need only plead facts, not legal theories, in their complaints." *Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014). Here, Plaintiff's complaint contains allegations of race discrimination and retaliation and specifically mentions not receiving a raise or a promotion. In fact, the complaint expressly alleges Plaintiff received a write up for stating that he was denied a raise and a promotion because of his race. This is sufficient for notice pleading. Moreover, as Plaintiff notes in his response, discovery is ongoing, and Plaintiff has not yet been deposed. So there appears to be little to no prejudice to Defendant in allowing these claims to proceed, even though the deadline to amend pleadings has passed.

In any event, Plaintiff need not amend his pleadings. Plaintiff's claims of race discrimination and retaliation include unlawfully being denied a raise and a promotion. Defendant's motion to strike [Filing No. 36] is denied.

Date: 2/27/2025

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

2